JAMES A. TIFFANY *et al. vs.* PHILIP A. MUNROE, *et al.,* Trustees.

A testator gave his residuary estate to trustees with powers of management, etc., and after providing for the payment of the expenses of administering the trust, compensation to the trustees, and the payment of $100 annually to his wife and the sum of $1000 to a church, directed the trustees to pay monthly to each of his three daughters the sum of $50. The trustees were authorized in express terms, in case the personal estate should not be sufficient to satisfy the payments required by the provisions of the will, to sell according to their own discretion so much of the real estate as should be necessary to supply such deficiency, and also, in case either of his three daughters should by sickness or misfortune be in need of a larger income, to sell according to their own discretion so much of the real estate as may be necessary, and from the proceeds to pay to each of the daughters then living installments of $200 as frequently and so long as may be necessary to relieve the necessity of the unfortunate one.

*Held,* that the trustees were authorized under the will to apply the principal of the trust estate, if necessary, to the monthly payments to be made to the daughters.

BILL IN EQUITY for an injunction. Heard on pleadings and proofs.

Lymon Pierce, late of the city of Providence, deceased, by his will duly proven before the Municipal Court, of Providence, gave his residuary estate to trustees, to manage and control the same with power to sell the real estate or any part thereof, provided his three daughters, or such of them as were living, consented thereto in writing, and in case of such sale, power to invest the proceeds, and after providing for the payment

of the expenses incidental to the execution of the trust, including compensation to the trustees, and for the payment of $100 annually to his wife, and the sum of $1000 to the Church of the Mediator, in Providence, directed the trustees to pay monthly to each of his daughters the sum of $50 during the continuance of the trust. 'Provision was then made for the termination of the trust and the ultimate disposition of the trust estate, and further powers were given to the trustees as follows :—

"In case the personal estate of said trust shall not be sufficient to satisfy the payments required by the provisions of my will aforesaid, my said trustees shall have the power to sell according to their own discretion (and without the written consent hereinbefore mentioned) so much of my said real estate as shall be necessary to supply such deficiency in the personal estate.

"In case that either of my said daughters shall by sickness or misfortune be in need of a larger income than is provided by the payments aforesaid, my said trustees may sell according to their own discretion (and without said written consent) such portion of my real estate as may be necessary and from the proceeds of such sale shall pay to each of my said daughters then living installments of two hundred dollars as frequently and so long as may be necessary to supply the necessities of such unfortunate one."

*July* 21, 1896. STINESS, J. This case is within the decision in *Richardson* v. *Bowen*, 18 R. I. 138, and is even stronger than that case in the evidence of an intention to give power to the trustees to apply the principal of the trust estate to the monthly payments. An express power to sell is here given, "in case the personal estate of said trust shall not be sufficient to satisfy the payments required by the provisions of my will aforesaid." The provision for a larger sum to be paid to the daughters, in case of necessity, also seems to imply an intention to give them the sum of fifty dollars per month in any event. The claim of the complainants that the word "payments" refers only to legacies and payments other than payments to be made by the trustees at stated

intervals, seems to be too narrow for the provisions of the will, and we see no warrant in its language for such limitation. The argument that the trust estate may thus be exhausted is one that applies to every case of a deficiency of income. The intention of the testator is the test of construction, and it clearly appears that the intention was that the daughters should receive the sum named for life. We are of the opinion that the will authorizes the trustees to apply the principal to such payment, if necessary.

*William A. Morgan*, for complainants.

*Warren R. Perce*, for respondents.